JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY C. PIRRO, an individual,<br><br>         Plaintiff,<br><br>              v.<br><br>U.S. BANK NATIONAL ASSOCIATION, PETER SCHRAM, MARK STOCKTON, JOSEPH BOGASKI, & DOES 1 TO 100, inclusive,<br><br>         Defendants. | 2:25-cv-10167-DSF-KS<br><br>Order GRANTING Plaintiff's Motion to Remand (Dkt. 12) |

Defendants U.S. Bank National Association and Peter Schram removed this employment discrimination case based on diversity jurisdiction. Dkt. 1 (Notice of Removal (NOR)). Plaintiff Anthony C. Pirro moves to remand. Dkt. 12 (Mot.). The Court deems this matter appropriate for decision without oral argument. See Fed. R. Civ. P. 78; Local Rule 7-15. The hearing set for January 12, 2026 is removed from the Court's calendar. Pirro's motion is GRANTED.

## I. Legal Standard

"Federal courts are courts of limited jurisdiction" and "possess only that power authorized by [the] Constitution and statute[.]" Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377 (1994). A defendant may remove an action to federal court if the federal court could exercise subject matter jurisdiction over the action. 28 U.S.C. § 1441(a). "The removal statute is strictly construed against removal

jurisdiction" and "[t]he defendant bears the burden of establishing that removal is proper." Provincial Gov't of Marinduque v. Placer Dome, Inc., 582 F.3d 1083, 1087 (9th Cir. 2009).  If a defendant fails to meet its burden of establishing subject matter jurisdiction, the suit must be remanded.  28 U.S.C. § 1447(c).  Generally, doubts as to removability are resolved in favor of remanding the case.  See Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 108-109 (1941); Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) (per curiam).

## II. Discussion

Defendants removed this case based on diversity jurisdiction.  For federal jurisdiction based on diversity of citizenship, the "matter in controversy" must "exceed[] the sum or value of $75,000, exclusive of interest and costs," and be between "citizens of different States."  28 U.S.C. § 1332(a).

Pirro argues that the Court does not have diversity jurisdiction because (1) Defendants have not supported their allegations of Pirro's California citizenship with evidence, (2) there is no complete diversity, and (3) Defendants have not substantiated their allegations of the amount in controversy.

Even assuming Defendants have sufficiently alleged Pirro's California citizenship, it is undisputed that Defendant Joseph Bogaski is a California resident.  Dkt. 1-8 (Bogaski Decl.) ¶ 1.  Defendants argue, however, that Bogaski is a "sham" defendant, "whose citizenship is not relevant for removal purposes."  NOR ¶ 8.

"In determining whether there is complete diversity, district courts may disregard the citizenship of a non-diverse defendant who has been fraudulently joined."  GranCare, LLC v. Thrower, 889 F.3d 543, 548 (9th Cir. 2018).  "There are two ways to establish fraudulent joinder: '(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court.'"  Id. (quoting Hunter v. Philip Morris USA, 582 F.3d 1039, 1044 (9th Cir. 2009)).  "A defendant invoking federal court diversity jurisdiction on the basis of fraudulent joinder

2

bears a 'heavy burden' since there is a 'general presumption against [finding] fraudulent joinder.'" Id. (quoting Hunter, 582 F.3d at 1046).

Defendants try to establish fraudulent joinder the second way, arguing that Pirro has not and cannot state any viable claims against Bogaski. "Fraudulent joinder is established the second way if a defendant shows that an 'individual[ ] joined in the action cannot be liable on any theory.'" GranCare, 889 F.3d at 548 (alteration in original) (quoting Ritchey v. Upjohn Drug Co., 139 F.3d 1313, 1318 (9th Cir. 1998)). But "if there is a *possibility* that a state court would find that the complaint states a cause of action against any of the resident defendants, the federal court must find that the joinder was proper and remand the case to the state court." Id. (quoting Hunter, 582 F.3d at 1046). In this inquiry, "the district court must consider . . . whether a deficiency in the complaint can possibly be cured by granting the plaintiff leave to amend." Id. at 550.

Defendants argue that Pirro is unable to establish his two causes of action against Bogaski: (1) hostile work environment under California's Fair Employment and Housing Act (FEHA) and (2) intentional infliction of emotional distress.

"To establish a prima facie case of a hostile work environment [under FEHA], [a plaintiff] must show that (1) she is a member of a protected class; (2) she was subjected to unwelcome harassment; (3) the harassment was based on her protected status; (4) the harassment unreasonably interfered with her work performance by creating an intimidating, hostile, or offensive work environment; and (5) defendants are liable for the harassment." Ortiz v. Dameron Hosp. Ass'n, 37 Cal. App. 5th 568, 581 (2019).

A plaintiff may also state a claim for aiding and abetting a violation under FEHA by showing that (1) a party "subjected [the plaintiff] to discrimination and harassment," (2) the defendant "knew that [the party's] conduct violated FEHA," and (3) the defendant gave the party "substantial assistance or encouragement" to violate FEHA. Smith v. BP Lubricants USA Inc., 64 Cal. App. 5th 138, 146 (2021).

3

Most of Defendants' arguments are fact-based, supported by a declaration from Bogaski.  Opp'n at 7-13.  But a self-serving declaration alone does not constitute "extraordinarily strong evidence . . . that [Pirro] could not possibly prevail on [his] claims against" Bogaski.  GranCare, 889 F.3d at 548, 551 ("[A] denial, even a sworn denial, of allegations does not prove their falsity[.]").  According to the complaint, "Schram continued to subject Pirro to harassment via Bogaski because of Pirro's whistleblowing."  Dkt. 1-1 (Compl.) ¶ 14o.  The complaint also alleges that "[a]ll defendants compelled, coerced, aided, and/or abetted the discrimination, retaliation, and harassment alleged in this Complaint[.]"  Id. ¶ 4.  Though the current complaint likely contains insufficient facts to state a claim under Rule 12(b)(6) against Bogaski, the Court cannot conclude that amendment cannot cure the deficiency.  GranCare, 889 F.3d at 550.

Because "there is a *possibility* that a state court would find that the complaint states a cause of action" under FEHA against Bogaski, the Court "must find that the joinder was proper" and therefore need not assess Pirro's intentional-infliction-of-emotional claim.  GranCare, 889 F.3d at 548 (quoting Hunter, 582 F.3d at 1046).  Defendants therefore cannot show complete diversity to support diversity jurisdiction.[1]

### III. Conclusion

For the forgoing reasons, Pirro's motion to remand is GRANTED.  The case is REMANDED to the Superior Court of California, County of Los Angeles.

---

[1] Because there is no complete diversity to support diversity jurisdiction, the Court does not analyze the parties' arguments concerning the amount in controversy.

4

IT IS SO ORDERED.

Date: January 8, 2026

_____
Dale S. Fischer
United States District Judge